PEK:mbg

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## SPARTANBURG DIVISION

| | | |
|---|---|---|
| Clarence E. Crawford, as Personal Representative of the Estate of William Todd Crawford, Deceased,<br><br>       Plaintiff,<br><br>vs.<br><br>Charter Pines Behavioral Health System, LLC, The Carolina Center for Behavioral Health, Universal Health Services, Inc., UHS of Delaware, Inc., UHS of Greenville, Inc., and UHS of South Carolina – East, LLC,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | AMENDED COMPLAINT<br>C/A No. 7:07-cv-00140-GRA<br>Jury Trial Requested |

The Plaintiff, complaining of the Defendants, alleges:

1.    The Plaintiff is a citizen and resident of the County of Cherokee, State of South Carolina; Plaintiff brings this action in his fiduciary capacity under and by virtue of the authority and provisions of Section 15-51-10 of the South Carolina Code of Laws, as amended, on behalf of himself as the father of Clarence E. Crawford, and on behalf of the statutory beneficiaries and heirs at law of the Decedent.

2.    The Defendant, Charter Pines Behavioral Health System, LLC, is a limited liability company organized and

existing under the laws of the State of Delaware, and on information and belief, this Defendant is or has been involved in the ownership, operation, and/or management of Charter Pines Behavioral Health System, a facility located at 2700 East Phillips Road, Greer, South Carolina 29650, which is now being operated as The Carolina Center for Behavioral Health.

3.    On information and belief, UHS of Greenville, Inc. is a corporation organized and existing under the laws of the State of South Carolina, and at all times mentioned herein, doing business as The Carolina Center for Behavioral Health.

4.    On information and belief, UHS of South Carolina – East, LLC, is a limited liability company organized and existed under the laws of the State of South Carolina, and at all times mentioned herein, doing business as The Carolina Center for Behavioral Health.

5.    On information and belief, Universal Health Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, and The Carolina Center for Behavioral Health is a subsidiary thereof.

6.    On information and belief, UHS of Delaware, Inc. is a corporation organized and existing under the laws of the State of Delaware, and is the management company overseeing the daily operations of Universal Health Services, Inc., which does include The Carolina Center for Behavioral Health.

7.    The matter in controversy exceeds the sum of

Seventy-five Thousand ($75,000.00) Dollars, exclusive of costs and interest.

8.   This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. Section 1332.

9.   The acts and omissions referred to herein occurred at a facility now known as The Carolina Center for Behavioral Health, 2700 East Phillips Road, Greer, South Carolina 29650, which was formerly known as and operated under the name of Charter Pines Behavioral Health System.

10.  Prior to his death, William Todd Crawford was thirty-two (32) years of age and had voluntarily admitted himself to Defendants' facility for assistance in avoiding addiction to pain medication prescribed following surgery.

11.  William Todd Crawford was a resident of Defendants' facility from his admission on April 25, 2005 until his death on May 1, 2005.

12.  The Defendants are liable and responsible for the acts and omissions of their agents, employees, and servants.

13.  The Defendants hold themselves out as specialists in the field of behavioral medicine with the experience necessary to maintain the health and safety of their patients.

14.  At all times pertinent hereto, William Todd Crawford was a patient in the above-named facility pursuant to the terms of the Admissions Agreement, and as such, was under the exclusive control and care of the Defendants, their employees,

agents, officers, and servants while a resident.

15. Defendants had a duty of care to their patients and residents to discover, warn, and/or prevent risks; to take reasonable safety precautions; to eliminate unreasonable risks; and to provide proper protection from harm.

16. The Defendants, acting through their agents, employees, and servants, who are at all times within the scope of their employment, were, jointly and severally, willful, wanton, grossly negligent, reckless, negligent, and careless in the operation, management, and/or ownership of their behavioral health facility in one or more of the following particulars:

(a) In failing to adequately supervise and care for William Todd Crawford so as to insure the proper dosage of prescription medication;

(b) In failing to adequately instruct their employees as to the proper supervision required of William Todd Crawford;

(c) In failing to properly hire and train their employees;

(d) In failing to provide access to quality care;

(e) In failing to employ necessary safety precautions for William Todd Crawford's safety and welfare;

(f) In failing to supervise and monitor William Todd Crawford and the medical care provided for him by Defendants' medical director and/or attending

physician;

(g)   In failing to provide reasonable and appropriate emergency medical care;

(h)   In failing to follow the applicable standards of medicine and behavioral health;

(i)   In failing to follow Defendants' own policies and procedures;

(j)   In failing to respond to William Todd Crawford's condition;

all of which were direct and proximate causes of the injuries and damages sustained herein.

17.   Prior to William Todd Crawford's death caused by the conduct of the Defendants set forth herein, William Todd Crawford was thirty-two (32) years old with a life expectancy of 45.90 years.

18.   By reason of the early and untimely death of William Todd Crawford, his mother and father and statutory heirs have been caused great mental shock and suffering by reason of this tragedy.  They have in the past, and will forever, be caused grief and sorrow because of the loss of William Todd Crawford's love, society, and companionship.  They have been deprived of his services, experience, and judgment.

19.   As a further result, the mother and father and statutory heirs of William Todd Crawford have incurred funeral, burial, and related expenses.

20.  As a result of the foregoing acts, the mother and father and statutory heirs of William Todd Crawford have been damaged in actual damages and such punitive damages as may be appropriate in the case.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for actual and punitive damages as may be awarded by this Court, for the costs of this action, and for such other and further relief as to the Court may seem just and proper.

PATRICK E. KNIE, P.A.
_____
Patrick E. Knie
Federal Court I.D. No. 2370
Attorney for Plaintiff
P.O. Box 5159
250 Magnolia Street
Spartanburg, S.C.  29304
Telephone No. (864) 582-5118
Fax No. (864) 585-1615

Kenneth L. Holland
Federal Court I.D. 1908
Attorney for Plaintiff
KENNETH L. HOLLAND, P.A.
212 East Floyd-Baker Boulevard
Gaffney, South Carolina 29340
Telephone No. (864) 487-3366
Fax No. (864) 487-3930

August 20, 2007