UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Clarence E. Crawford, As Personal Personal Representative of the Estate Of William Todd Crawford, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Charter Pines Behavioral Health System, LLC, The Center for Behavioral Health, Universal Health Services, Inc., UHS of Delaware, Inc., UHS of Greenville, Inc., And UHS of South Carolina – East, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 7:07-cv-00140-GRA<br><br><br><br><br><br><br><br>***Answer to Amended Complaint*** |

Defendants Charter Pines Behavioral Health System, LLC, The Center for Behavioral Health, Universal Health Services, Inc., UHS of Delaware, Inc. and UHS of South Carolina – East, LLC ("these Defendants"), answering the Complaint of the Plaintiff, would respectfully show the Court:

**For a First Defense**

1. In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, these Defendants admit that Plaintiff purports to bring this action pursuant to 15-51-10 of the South Carolina Code of Laws. These Defendants are without information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and those allegations are therefore denied.

2. That in response to the allegations of Paragraph 2 of Plaintiff's Complaint, it is admitted that The Carolina Center for Behavioral Health located at 2700 East Phillips Road in

Greer, South Carolina is owned and operator by a subsidiary of United Health Services, Inc. All other allegations contained in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted, however, the proper Defendant in this action is The Carolina Center for Behavioral Health – UHS of Greenville, Inc.

4. The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted, however, however, the proper Defendant in this action is The Carolina Center for Behavioral Health – UHS of Greenville, Inc.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are admitted, however, the proper Defendant in this action is The Carolina Center for Behavioral Health – UHS of Greenville, Inc.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are admitted, however, the proper Defendant in this action is The Carolina Center for Behavioral Health – UHS of Greenville, Inc.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9. In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, it is admitted that the allegations complained of occurred, if at all, at the facility now known as The Carolina Center for Behavioral Health, 2700 East Phillips Road, Greer, South Carolina 29650. All other allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, it is admitted that William Todd Crawford was, upon information and belief, 32 years of age at the time of admission. These Defendants are without sufficient information to form an opinion

as to the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint and those allegations are therefore denied.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are admitted.

12.     In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, these Defendants admit that they are liable for the negligent acts of their employees acting within the course and scope of their employment.  All other allegations contained in Paragraph 12 are denied.

13.     In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, these Defendants admit that they hold themselves out as providing medical services consistent with the standard of care.

14.     In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, these Defendants admit only that William Todd Crawford was a patient at Defendant's facility from April 25, 2005 until May 1, 2005.  All other allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.     In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, these Defendants admit that they owed Defendant a duty of care to provide medical care and treatment in a manner consistent with the standard of care.  All other allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint, including all subparts, are denied.

17.     In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, it is admitted, upon information and belief, that William Todd Crawford was 32 years of age at

the time of his death.  All other allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.    These Defendants are without sufficient information to form an opinion as to the allegations contained in Paragraph 18 of Plaintiff's Complaint and those allegations are therefore denied.

19.    These Defendants are without sufficient information to form an opinion as to the allegations contained in Paragraph 19 of Plaintiff's Complaint and those allegations are therefore denied.

20.    These Defendants are without sufficient information to form an opinion as to the allegations contained in Paragraph 20 of Plaintiff's Complaint and those allegations are therefore denied.

21.    That any allegation not hereinabove admitted, modified or explained is hereby denied.

22.    These Defendants deny that they were negligent, reckless, willful, or wanton in any manner whatsoever.

### For a Second Defense

23.    These Defendants reallege and incorporate herein by reference the relevant and consistent portions of its first and second defenses set forth above.

24.    These Defendants would show the damages sustained by the Plaintiff was due to the negligence, recklessness, willfulness, and wantonness of decedent and that such negligence, recklessness, willfulness, and wantonness of decedent was greater than the alleged negligence on the part of these Defendants, and acted as a direct and proximate cause of the damages claimed by Plaintiff.  These Defendants admit such negligence and recklessness solely for the purposes of

4

this Paragraph. Plaintiff is therefore barred from recovery under the principles of comparative negligence. However, should it be determined that any negligence or recklessness on the part of these Defendants was greater than that of the decedent, any recovery which Plaintiff proves must be reduced by the amount of decedent's negligence. Defendants pray decedent's negligence should be determined by special interrogatories to be answered by the jury.

WHEREFORE, having fully answered, these Defendants pray that Plaintiff's Complaint be dismissed, with costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

By:_____
J. Ben Alexander, S.C. Bar No. 015323
Post Office Box 2048
Greenville, SC 29602
(864) 240-3323
Attorneys for Defendants

Greenville, SC
Dated:

This Defendant demand a jury trial.

_____
J. Ben Alexander

5