UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Thomas Edward Crawford, | ) | C/A No. 7:07-cv-00140-GRA |
| as Personal Representative | ) | |
| of the Estate of William | ) | |
| Todd Crawford, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| Charter Pines Behavioral | ) | |
| Health System, LLC, | ) | |
| The Carolina Center for | ) | |
| Behavioral Health, | ) | |
| Universal Health | ) | |
| Services, Inc., UHS of | ) | |
| Delaware, Inc., UHS of | ) | |
| Greenville, Inc., and | ) | |
| UHS of South Carolina - | ) | |
| East, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Before this Court is Plaintiff's Motion to Quash Deposition Subpoena duly served for taking the discovery deposition of Clarence E. Crawford and Gwen Crawford, father and mother of William Todd Crawford, deceased.

Plaintiff submitted, in support of his Motion, statements of Dr. Scott Klosterman and Dr. Carol L. Stammers both of whom affirm Plaintiff's contention that deposing the Crawfords would expose them both to physical and emotional health risk.

Rule 45 of the Federal Rules of Civil Procedure, under which Plaintiff's Motion is made, provides in pertinent part:

    (c)    Protecting a person subject to a subpoena.
        (1)    *Quashing or Modifying Subpoena*
            When required, on timely motion, the issuing Court must quash or modify a subpoena that:
            (iv)    subjects a person to undue burden.

At the hearing on this matter, defense counsel urged that disallowing the proposed depositions would thwart necessary discovery and deny the defendants full access to pertinent discoverable data.

While this Court recognizes that the ends of justice require full and complete access by all parties to pertinent data, the health and well-being of these witnesses must be fully protected, if possible.

IT IS THEREFORE SO ORDERED that Plaintiff's Motion to Quash is denied and the depositions are ordered to proceed under the following restrictions:

a. The depositions shall be held at the deponents' residence or at a location where their condition may be monitored by their doctors;

b. Medical personnel shall be in attendance at the depositions;

c. If, during the depositions, anything develops raising questions about the well-being of either deponent, the deposition shall be halted and this Court immediately notified;

d. The depositions shall proceed in full compliance with the Federal Rules of Civil Procedure governing depositions;

e. The depositions shall be video taped for use at the trial of this matter;

  f. Defense counsel will questions these witnesses first, Plaintiffs' counsel will then examine, followed by defense counsels' cross examination;

  g. When these depositions are scheduled, counsel shall notify the Court of the date and time in order that the Court may immediately consider any questions and rule upon them.

**IT IS SO ORDERED**.

                  _____
                  G. ROSS ANDERSON, JR.
                  UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August  12 , 2008